**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

REGINALD RICO FENNELL,

    Plaintiff,

v.                                      Case No.  5:19-cv-336-TKW/MJF

GULF CORRECTIONAL INSITUTION
ANNEX,

    Defendant.
                                            /

**REPORT AND RECOMMENDATION**

        The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure comply with three court orders.[1]

**I.    Background**

        Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 against Gulf Correctional Institution Annex alleging that his Eighth Amendment rights were violated by the conditions under which he was incarcerated

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

during and after Hurricane Michael. (Doc. 1). At the time Plaintiff commenced this suit, he was an inmate confined at Columbia Correctional Institution. (*Id.*).

Plaintiff subsequently filed an amended complaint, in which he did not complain about prison conditions related to Hurricane Michael. (Doc. 7). Rather, in his amended complaint, Plaintiff alleged that on April 13, 2019, Correctional Officer Young ordered Plaintiff to stop praying during "count," and Plaintiff apparently did not comply. (*Id.* at 4). Correctional Officer Young wrote a disciplinary report stating that Plaintiff had violated her direct orders. (*Id.*). As a result of the disciplinary report, Plaintiff was sentenced to thirty days of confinement and thirty days of canteen suspension. He also lost twenty days of gain time. He further alleged that Young removed religious materials from his cell.

On December 17, 2019, the undersigned issued an order granting Plaintiff's motion for leave to proceed *in forma pauperis* and directing Plaintiff to pay an initial partial filing fee of $4.66. (Doc. 9). The undersigned provided Plaintiff a deadline of January 17, 2020, to comply. On January 2, 2020, this order was returned "undeliverable." (Doc. 10). Upon review of the Florida Department of Corrections' website, it appeared that the FDC released Plaintiff on December 5, 2019. Plaintiff, however, failed to update the clerk of the court with his new address. Accordingly, the undersigned directed Plaintiff to clarify whether Plaintiff was still interested in pursuing his claims. (Doc. 11). The undersigned imposed a deadline of February 3,

2020, to comply and warned Plaintiff that his failure to comply likely would result in dismissal of this action. (*Id.*). Plaintiff did not respond to the order.

On February 12, 2020, the undersigned issued an order directing Plaintiff to show cause—if any—why he failed to comply with the court's previous order. (Doc. 12). The undersigned imposed a deadline of February 26, 2020, to comply and warned the Plaintiff that the failure to comply likely would result in dismissal of this action. (*Id.*). As of the date of this Report and Recommendation, Plaintiff has failed to indicate whether he is interested in pursuing this litigation. He also has failed to explain his failure to comply with the court's orders and has not paid the initial partial filing fee.

## II.   Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.");

*see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On December 17, 2019, the undersigned ordered Plaintiff to pay an initial partial filing fee of $4.66, by January 17, 2020. (Doc. 9) Thus, Plaintiff has failed to comply with that order since January 17, 2020.

**(2) Plaintiff's failure to comply with three court orders.** The Plaintiff has failed to comply with three court orders:

    a.    the order issued on December 17, 2019;

    b.    the order issued on January 21, 2020; and

    c.    the order issued on February 12, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned repeatedly warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 9, 11, 12). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, that filing fees are paid, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is

important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Although at least one court order was returned undeliverable, this was due to Plaintiff's failure to keep this court apprised of his current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address). Thus, based on Plaintiff's conduct and his failure to clarify his continued interest in pursuing this action, this court presumes that Plaintiff does not wish to proceed with this litigation and would ignore future orders directing Plaintiff to comply. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and failure to comply with three court orders.
2. The clerk of the court be directed to close the case file.

At Panama City, Florida, this <u>2nd</u> day of March, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.